United States District Court
Southern District of Texas
FILED

DEC 2 9 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

UNITED STATES OF AMERICA,

    Respondent,

VS.

ONOFRE GUERRA, JR.

    Petitioner.

B-03-022 MISCELLANEOUS

Criminal No. B-77-177

B-04-021

## MOTION FOR WRIT OF ERROR CORAM NOBIS WITH A MEMORANDUM OF LAW IN SUPPORT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW INTO COURT** comes **ONOFRE GUERRA, JR.**, the petitioner, appearing through pro se representation and respectfully moves this Honorable Court pursuant to **Title 28 U.S.C. §1651 ( )** to vacate his conviction in the instant cause based on constitutional grounds presented herein.

### JURISDICTIONAL STATEMENT

Jurisdiction is invoked under the all Writs Act pursuant to **Title 28 United States Code, Section 1651(a)**. See **United States v. Morgan**, 346 U.S. 502, 512, 74 S.Ct. 247, 253, 98 L.Ed. 248 (1954), where the Supreme Court held that the district court has power under the **All-Wrts Act**, 28 U.S.C. §1651(a), to issue a writ of error coram nobis to vacate a criminal conviction. See also **United States v. Castro**, 26 F.3d 557, 559 (5th Cir. 1994).

1

## STATEMENT OF THE CASE

On April 19, 1977, a federal grand jury sitting in the Southern District of Texas, Brownsville Division returned a two count indictment. Petitioner and various other codefendants where charged in Count One with conspiracy to unlawfully possess with intent to distribute a quantity of marihuana in violation of **21 U.S.C. §§841(a)(1) and 846.** Count Two charged that petitioner and various other codefendants did knowingly and intentionally possess, with intent to distribute, approximately three hundred and fourteen (314) pounds of marihuana in violation of **21 U.S.C. §841,** and **18 U.S.C. §2.**

On April 20, 1977, the petitioner appearded before this Court without counsel and this Court appointed Juan E. Gavito, to represent the petitioner.

On April 29, 1977, petitioner appeared before this Court with retained counsel Diana Cisneros, for arraingnment. This case was bound over for trial.

On August 12, 1977, petitioner appeared before this Court and wiaved a Grand Jury indictment and pleaded guilty to an information for "Misprison of a felony" in violation of **Title 18 United States Code, Section 4.** This Court set sentencing for September 6, 1977.

On September 6, 1977, this Court assessed punishment to three (3) years imprisonment and suspended the execution of sentence and placed petitioner on probation for a period of five (5) years. This Court found that petitioner is s Youth Offender but choose not to sentence petitioner under the Youth Corrections Act because he will not derive benefit from treatment under the Act. **See Judgment And Probation/Commitment Order** attached hereto as **Exhibit "A".**

2

## STATEMENT OF THE FACTS

Petitioner submits that the following facts are relevant to the claims that defense counsel Diana Cisneros failed to provide effective assistance of counsel as guaranteed by the Sixth Amendment of the united States Constitution. Petitioner asserts that counsel Cisneros:

1. Failed to familiarize herself with the facts and law relevant to the case in relation with the guilty plea and the benefits under the Youth Corrections Act.

2. Failed to advise petitioner that he could plead guilty under the youth Corrections act and receive probation and that if he received early termination of the probation by the Court that his conviction would be set aside.

3. Failed to research the law under the Youth Corrections Act and provide petitioner with accurate legal advise and of his available options and possible consequences of pleading guilty under the YCA.

4. Failed to advise this Court at sentencing of the benefits that petitioner would receive by being sentenced under the Youth Corrections Act.

A more precise set of facts are set forth throughout this brief.

_____ S _____

## ISSUE I

**Counsel was constitutionally ineffective by tendering faulty legal advice and failing to inform petitioner that he could plead guilty under the Youth Corrections Act and receive the benefits from the Youth Corrections Act rendering the guilty plea not voluntary or intelligently entered and the plea must be set aside**

Defense counsel's performance fell below an objective standard of reasonableness where counsel failed to advise petitioner that he could plead guilty under the Youth Corrections Act and receive the benefits provided with the YCA. Such unprofessional errors and omissions constitutes ineffective assistance of counsel. **See, e.g., United States v. Scott, 625 F.2d 623, 625 (5th 1980); United States v. Rumery, 698 F.2d 764 (5th Cir. 1983).** In this case, petitioner never knew the benefits of pleading guilty under the Youth Corrections Act or that he actually could plead guilty under the YCA.

In **Durst v. United States, 434 U.S. 542, 55 L.Ed.2d 14, 98 S.Ct. 849 (1978),** the Supreme Court explained the particularly valuable benefit for the offender sentenced under the Youth Corrections Act is the prospect of obtaining a certificate setting aside his conviction. A certificate automatically issues when a youth committed to the custody of the Attorney General under **18 U.S.C. §5010(b) or §5010(c),** is unconditionally released prior to expiration of the maximum sentenced imposed. 18 U.S.C. §5021(a). In 1961, the YCA was amended to extent the benefit of a certificate to youths sentenced to **probation** under **§5010(a)** when the court unconditionally discharges the youth prior to the expiration of the sentence of probation imposed. **Act. of Oct. 3, 1961, Pub. L. No. 87-336, 75 Stat. 750 (codified at 18 U.S.C. §5021(b). (emphasis added).**

In the present case, this Court at sentencing stated that:

> **IT IS ADJUDGED that the defendant is a Youth Offender but the Court chooses not to sentence him under the Youth Corrections Act because he will not derive benefit from treatment under the Act.**

**Id. at Judgment And Probation/Commitment Order. See Exhibit "A".**

It is apparent from the record that defense counsel nor the trial court knew the law in relation to the Youth Corrections Act which would have benefited petitioner by allowing him to have his conviction set aside upon early termination of his probation by the Court. Defense counsel's failure to familiarize himself with the facts, law relevant to the case in relation to the guilty plea constitutes ineffective assistance of counsel and renders the guilty plea involuntarily entered. See **Herring v. Estelle, 491 F.2d 125, 127-28 (5th Cir. 1974).** A defendant who pleads guilty must be aware of "the relevant circumstances and likely consequences" surrounding the plea. **Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970).** A defendant who has not received the effective assistance of counsel in this regard may not be bound by the plea if as a result the plea was not an informed and voluntary waiver of the defendant's rights. See **McCoy v. wainwright, 804 F.2d 1196, 1198 (11th Cir. 1986); Bradbury v. Wainwright, 658 F.2d 1083, 1087 (5th Cir. unit B 1981), cert. denied, 456 U.S. 992 (1982).** A plea induced by misrepresentations of counsel is ineffective. See **Tower v. Phillips, 979 F.2d 807, 815 (11th Cir. 1992).**

On August 3, 1981, the Probation Department filed a Report with this Court and this Court entered an Order Terminating Probation

Prior To Original Expiration Dated.  Therefore, had counsel known the law and correctly advised petitioner of his available options and possible consequences plus the benefits of the Youth Corrections Act, the petitioner would not have entered a guilty plea as an adult offender. The guilty plea was not voluntarily or intelligently entered and must be set aside.  1 /

The aforementioned facts, arguments, and authorities stand for the proposition that petitioner was deprived of effective assistance of counsel as guaranteed by the Sixth Amendment of the united States Constitution and the guilty plea must be **SET ASIDE and the sentence VACATED.**

_____ S _____

---

1 /   The Fifth Circuit in **United States v. Scott**, 625 F.2d 623, 625 (5th Cir. 1980)(A conviction on a guilty plea that is entered solely as a result of faulty advice is a miscarriage of justice). The exact same scenario applies to the instant case.

6

## ISSUE II

> Counsel was constitutionally ineffective in failing to advise this Court during sentencing that petitioner would benefit from being sentenced under the Youth Corrections Act because his conviction would be set aside upon early termination of probation under 18 U.S.C. §5021(a)

Defense counsel's performance fell below an objective standard of reasonableness where counsel failed to advise this Court the petitioner would benefit from being sentencing under the Youth Corrections Act because his conviction would be set aside upon early termination of probation under **18 U.S.C. §5012(a)**. Such unprofessional errors and omissions constitutes ineffective assistance of counsel. See **Burley v. Cabana, 818 F.2d 414, 417 (5th Cir. 1987)**. (Trial counsel's failure to inform the trial court that the Court could sentencing petitioner under the Youth Court Act constitutes ineffective assistance of counsel). In the present case, this Court stated at sentencing that:

> **IT IS ADJUDGED that the defendant is a Youth Offender but the Court chooses not to sentence him under the Youth Corrections Act because he will not derive benefit from treatment under the Act.**

Id. at Judgment And Probation/Commitment Order. See Exhibit **"A"** attached hereto.

Trial counsel failed to inform this Court that petitioner would benefit by being sentenced under the Youth Corrections Act and direct the Court's attention to the Supreme Court decision in **Durst v. United States, 434 U.S. 542, 55 L.Ed.2d 14, 98 S.Ct. 849 (1978)**, where the Court explained the particularly valuable benefit for the offender sentenced under the Youth Corrections Act is the prospect of obtaining a certificate setting aside his

7

conviction. A certificate automatically issues when a youth committed to the custody of the Attorney general under **18 U.S.C. §5010(b) or §5010(c)** is unconditionally released prior to expiration of the maximum sentenced imposed. **18 U.S.C. §5021(a).** in **1961,** The YCA was amended to extend the benefit of a certificate to youths **sentenced to probation under §5010(a)** when the court unconditionally discharges the youth prior to the expiration of the sentence of probation imposed. **Act. Of. Oct. 3, 1961, Pub. L. No. 87-336, 75 Stat. 750 (codified at 18 USC §5021(b). See Durst, supra.**

Defense counsel's failure to know the law in relation to the Youth Correctional Act and to inform the Court that the defendant would benefit by being sentenced under the Youth Corrections Act constituted ineffective assistance of counsel and petitioner is prejudiced because he conviction would have been set aside on August 3, 1981. **See Docket Entry Sheet at page 5. (Report and Order terminating Probation Prior original expiration Date, filed as to deft. Onofre Guerra, Jr.).** Thus, counsel's failure to advise this Court of the benefits petitioner could receive by being sentenced under YCA constitutes ineffective assistance. There exists more than a reasonable probability that the results of the sentencing would have been different, absent counsel's errors. See **Burley v. Cabana, 818 F.2d 414, 417 (5th Cir. 1987).** Also see this Court's statement in the Judgment And probation/Commitment Order which states:

> **IT IS ADJUDGED that the defendant is a Youth Offender but the Court choose not to sentence him under the Youth Corrections Act because he will not derive benefit from treatment under the Act.**

## CONCLUSION

Petitioner, **ONOFRE GUERRA, JR.**, has been deprived of basic fundamental rights guaranteed by the Fifth and Sixth Amendments of the United States Constitution and seeks to restore those rights in this Court. The guilty plea was not voluntarily or intelligently entered as a result of faulty legal advice. The conviction is unconstitution and must be **VACATED and the guilty plea set aside.** justice requires nothing less!

Date: 12-23-03

RESPECTFULLY SUBMITTED

*/s/ Onofre Guerra Jr.*
ONOFRE GUERRA, JR.
PRO SE REPRESENTATION
P.O. Box 7000
TEXARKANA, TEXAS 75505

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of this foregoing motion and memorandum of law has been mailed postage prepaid on this 23 day of December 2003, to the United States Attorney's Office, P.O. Box 61129, Houston, Texas 77208.

*/s/ Onofre Guerra Jr.*
ONOFRE GUERRA, JR.

9