5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 0 1 2004

Michael N. Milby
Clerk of Court

| UNITED STATES OF AMERICA, | § |
| Respondent, | § |
| | § |
| vs. | § C.A. NO. B-04-021 |
| | § |
| ONOFRE GUERRA, JR., | § |
| Petitioner. | § |



### RESPONSE TO MOTION FOR WRIT OF ERROR CORAM NOBIS AND MOTION TO DISMISS FOR WANT OF JURISDICTION

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America ("government") files this response to and motion to dismiss, Onofre Guerra, Jr. (Guerra)'s motion for writ of error coram nobis. In support thereof the government would show the court the following:

I.

PROCEDURAL HISTORY

Guerra was the third of twenty-six defendants charged in the third superseding indictment, Criminal Case No. H-91-59, filed by the Grand Jury for the United States District Court for the Southern District of Texas, Houston Division (Dkt. 338). Guerra was charged with conspiring to possess with intent to distribute more than 1000 kilograms of marijuana in violation of 21 U.S.C. § 846, conspiring to promote racketeering enterprises in violation of 18 U.S.C. § 1952, and money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i). The Grand Jury returned the indictment on August 8, 1991. On February 12, 1993, Guerra pleaded guilty to the charges alleged under counts one and ninety (Dkt. 1163). Guerra entered his guilty plea under the terms of a written plea

agreement (Dkt. 1164). In this plea agreement Guerra agreed to waive his statutory right to appeal his sentence. The district court accepted Guerra's plea, found him guilty, ordered the preparation of a pre-sentence investigation report, and set the case for sentencing (Dkt. 1165).

The district judge imposed Guerra's sentence on January 9, 1995: Guerra was remanded into the custody of the Bureau of Prisons to serve concurrent 240-month terms of imprisonment that were to be followed by concurrent ten-year and three-year terms of supervised release (Dkt. 1657). The judgment of conviction and sentence was entered on January 27, 1995 (Dkt. 1660).

Guerra did not appeal. On May 8, 1996, however, he filed a motion for relief under 28 U.S.C. § 2255, Civil Action No. H-96-1461 (Dkt. 1702). The district court denied this motion on June 11, 1996 (Dkt. 1710). Guerra appealed from the order that denied him relief under 28 U.S.C. § 2255 (Dkt. 1713). This appeal was dismissed on July 16, 1996 (Dkt. 1717).

On April 9, 1997, Guerra filed a second motion for relief under 28 U.S.C. § 2255, Civil Action No. H-97-1192 (Dkt. 1748, 1749). The district court denied relief on this motion on June 13, 1997 (Dkt. 1758). In its order denying Guerra § 2255 relief, the district court declares, "Guerra had 14 years to collaterally attack the 1977 judgment. He had plenty of opportunity to discuss his rights with his attorney. . . The record shows that he voluntarily and knowing plead guilty. He cannot collaterally attack his judgment through an attack on another judgment... The PSI was released to his attorney." (*Id.*) Guerra appealed (Dkt. 1773). The court of appeals dismissed Guerra's appeal citing his failure to secure permission to file a second motion for relief under 28 U.S.C. § 2255 (Dkt. 1824).

On May 14, 1998, Guerra filed a third motion for relief under 28 U.S.C. § 2255, Civil Action No. H-98-20758 (Dkt. 1842). The government responded to this motion on July 2, 1998 (Dkt. 1851).

2

The district court denied this motion on August 13, 1998 (Dkt. 1863, 1864).

On February 18, 2001, Guerra filed a letter with the district court suggesting that a conviction for misprision of a felony could not be deemed a predicate offense authorizing the imposition of an enhanced sentence under 21 U.S.C. § 851. Guerra averred that the district court could exercise its jurisdiction under any one of several provisions including FED. R. CIV. P. 60(b)(4) or (6), 18 U.S.C. § 3582(c)(2), 28 U.S.C. § 2255, 28 U.S.C. § 1651, and 28 U.S.C. § 2241. The government filed a response to this pleading on February 15, 2002 (Dkt. 1923). Guerra filed a traverse to the government's response on March 7, 2002 (Dkt. 1925). On October 2, 2002, the district court denied Guerra's motion to reduce his sentence (Dkt. 1954). In its Opinion On Reducing Sentence, the district court concludes, "Because Guerra waived his right to appeal, the court will not reduce his sentence. Because the misprision would take the character of the underlying offense, his argument is wrong." (*Id*). Guerra appealed. The court of appeals dismissed this appeal for lack of jurisdiction. *United States v. Guerra*, 71 Fed. Appx. 394, 2003 WL 21976440 (5th Cir. Aug 19, 2003). Certiorari was denied by the Supreme Court of the United States on January 30, 2004. *See, Guerra v. United States*, 124 S.Ct. 1166 (2004).

Prior to the denial of certiorari, Guerra filed the instant motion for a writ of coram nobis. The government's response follows.

## II.

## MOTION TO DISMISS AND AUTHORITIES

Guerra invokes this court's jurisdiction under 28 U.S.C. § 1651, seeking relief in the form of a writ of coram nobis. As he has since 1997, Guerra is seeking an order vacating his 1977 conviction for misprision of a felony (Dkt. 1748, 1749, 1757, 1758). "The writ of coram nobis is an

3

extraordinary remedy available to a petitioner ***no longer in custody who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the conviction and that the challenged error is of sufficient magnitude to justify extraordinary relief.***" *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004) (quoting *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996)). The writ of error coram nobis will issue only to correct errors resulting in a complete miscarriage of justice. *Id*, at 534. In *Esogbue*, the Fifth Circuit pointedly observed that the writ of coram nobis is an extraordinary remedy "to correct errors 'of the most fundamental character.'" The writ will issue "only when no other remedy is available and when sound reasons exist for failure to seek appropriate relief. The court concluded that "if Esogbue's assertions amount to hardly more than regurgitation of the claims he has already presented in his § 2255 petition, that has been considered and dismissed, or claims that he reasonably could have raised in that petition, it cannot be said that he has made the necessary showing of a complete miscarriage of justice." 357 F.3d at 535.

*Esogbue* compels dismissal. Guerra fails to advise the court that he remains in custody as a result of his conviction in Criminal Action H-91-59. The sentence following this conviction was enhanced as a result of the 1977 misprision conviction. Since Guerra remains in custody, he does not have standing to secure a writ of coram nobis. Moreover, Guerra has twice collaterally attacked his 1977 misprision conviction to no avail. Consequently, he cannot demonstrate that denial of relief would constitute a complete miscarriage of justice.

The motion *sub judice* is a thinly disguised attempt to evade the effect of recent holdings of the Supreme Court of the United States as well as the successive petitions provisions of § 2255. In *Daniels v. United States*, 532 U.S. 374, 121 S.Ct. 1578 (2001), Daniels lodged a collateral attack

against two prior state convictions that were used to enhance his federal sentence under the Armed Career Criminal Act (ACCA). The Supreme Court denied Daniels collateral relief under 28 U.S.C. § 2255, holding:

> If...a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or **because the defendant did so unsuccessfully**), then that defendant is without recourse. The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255. A defendant may challenge a prior conviction as the product of a *Gideon*[1] violation in a § 2255 motion, but only if he raised that claim at his federal sentencing proceeding.

532 U.S. at 383, 121 S.Ct. at 1583 (emphasis added). Guerra's prior failure to secure collateral relief from the 1977 conviction precludes relief now.

In *Matus-Leva v. United States*, 287 F.3d 758 (9th Cir. 2002), the Ninth Circuit held that a petitioner that is subject to a term of supervised release cannot secure relief from a prior conviction in the form of a writ of coram nobis. The court held that "a person in custody may seek relief pursuant to 28 U.S.C. § 2255...Because the more usual remedy of a habeas petition is available, the writ of error coram nobis is not." 287 F.3d at 761. The court further held Matus-Leva could not resort to coram nobis simply because a petition under § 2255 would be time barred. "To hold otherwise would circumvent the AEDPA's overall purpose of expediting the presentation of claims in federal court and enable prisoners to bypass the limitations and successive petitions provisions." *Id.*

*Matus-Leva* is consistent with Fifth Circuit precedent. A motion filed under 28 U.S.C. § 2255 is the primary means under which a federal prisoner may collaterally attack the legality of his

---

[1] *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792 (1963).

conviction or sentence. *Reyes-Requena v. United States*, 243 F.3d 893, 900-01 (5th Cir. 2001). To continue his attack on the legality of his conviction and sentence, Guerra must demonstrate that his case falls within the purview of the savings clause of 28 U.S.C. § 2255 before the district court can entertain his petition.

In relevant part section 2255 provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant ***has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention***.

28 U.S.C. § 2255 (emphasis added). The simple fact that Guerra cannot file a § 2255 motion by virtue of the successive petition restriction of § 2255 does not support a finding that § 2255 relief is inadequate. In *Reyes-Requena*, the Fifth Circuit set forth the conditions under which the "savings clause" of section 2255 will apply to a particular claim:

> We therefore hold that the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a non-existent offense **and** (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioners's trial, appeal, or first § 2255 motion.

243 F.3d at 904. Guerra has neither alleged nor shown that his case comes within the purview of § 2255's savings provision. Accordingly, this motion must be dismissed for want of jurisdiction. *See, Christopher v. Miles*, 342 F.3d 378, 382-385 (5th Cir. 2003).

6

The government prays that this court summarily dismiss Guerra's motion for writ of coram nobis for want of jurisdiction and for failure to state a claim upon which relief can be based.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

By: _____
JAMES L. TURNER
Assistant United States Attorney
Attorney for respondent
P.O. Box 61129
Houston, Texas 77208
State bar No. 20316950
Fed.Id.No. 1406
(713) 567-9102


CERTIFICATE OF SERVICE

I, James L. Turner, do hereby certify that a copy of the foregoing Response to Onofre Guerra's Motion for a Writ of Coram Nobis has been mailed on this the 1st day of June, 2004, via certified mail, return receipt requested to:

Mr. Onofre Guerra, Jr.
Reg. No. 02826-043
FCI Texarkana - C2 Unit
P.O. Box 7000
Texarkana, Texas 75505-7000

_____
JAMES L. TURNER
Assistant United States Attorney