IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 17 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Respondent, ) | |
| ) | |
| vs. ) | Criminal No. B-77-177 |
| ) | C.A. NO. B-04-021 |
| ) | |
| ONOFRE GUERRA, JR., ) | |
| Petitioner. ) | |

PETITIONER'S TRAVERSE TO THE GOVERNMENT'S
RESPONSE TO HIS MOTION FOR WRIT OF ERROR CORAM NOBIS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Onofre Guerra, Jr., hereinafter the Petititoner this 14 day of June 2004 in the above styled motion to traverse the government's response to his motion for Writ of Error Coram Nobis pursuant to **Title 28 U.S.C. § 1651**, and states the following to support why this said Court should grant the Petitioner's Writ of Error Coram Nobis.

PROCEDURAL HISTORY

The Petitioner Onofre Guerra, Jr., asserts that there are various misleading and erroneous facts within the government's presentation of the Petitioner's Procedural History which need to be rectified due to the fact that the Petitioner's claim hinges upon the same. Primarily the Petitioner directs the court to page 1 of Government's response where it wrongfully states,

> "Guerra entered his guilty plea under the terms of a written plea agreement (Dkt. 1164)". In this plea agreement Guerra agreed to waive his statutory right to appeal his sentence."

The Petitioner assert through factual documentation as well as his own personal knowledge that he never signed any written plea agreement but rather his agreement was an oral one. **(See Exhibit A and B, Response from both the AUSA Judith Lombardino, and District Judge Lynn N. Hughes, stating there was no signed written agreement).** Being that there was no signed agreement it is improbable that the Petitioner could have waived his statutory right to appeal his sentence as the government alleges.

Rather the Petitioner directs the court's reviewing to his initial Writ of Error Coram Nobis where he delineates the Statement of the case and the Statement of the Facts stating the same. And as the Petitioner has so demonstrated in all of his previous filings that in no way did he **waive** his right to appeal his sentence via an ghost written plea agreement which the AUSA nor Courts can produce. The burden has been and is still on the government to prove that such an alleged agreement exist. As the Petitioner asserted in his Statement of the Facts, **"A more precise set of facts are set forth throughout his brief of the Writ of Error Coram Nobis."** (See Initial Writ).

## JURISDICTION TO GRANT WRIT AND AUTHORITIES

The Petitioner Onofre Guerra, Jr., declares that according the precedented case law the government's purposal to dismiss his writ for want of jurisdiction under 28 U.S.C. § 1651 is in error. The Petitioner invoked his jurisdiction pursuant to Title 28 § 1651(a) and directed the Court to such holding cases as **United States v. Morgan,** 346 U.S. 502, 512, 74 S.Ct. 247, 253, 98 L.Ed. (1954) stating that the Supreme Court held that the district court has power under the **All-Writs Act, 28 U.S.C. § 1651(a),** to issue a writ of error coram nobis to vacate a criminal conviction.

The Petitioner has demonstrated that this "Extraordinary Relief" should be so granted as a complete miscarriage of justice has occurred whereby the only remedy is the same. **See United States v. Marcello, 876 F.2d 1147, 1154 (5th Cir. 1989)**, also citing **United States v. Morgan, 346 U.S. 502, 511, 74 S.Ct. 247, 252, 98 L.Ed. 248 (1954).** The challenged error which the Petitioner has so argued before this said court throughout his writ of error coram nobis is of sufficient magnitude to justify this court's granting him the same, **(See Initial Writ of Error Coram Nobis)**

The standard which the writ of error coram nobis requires has been met by the Petitioner throughout his claim, such a standard which he demonstrated that rose above that of the cause and prejudice standard for habeas corpus relief when he demonstrated the egregious constitutional violation of his trial attorney during the 1977 conviction. **See Facts and Argument in Initial Writ of Error Coram Nobis.** In light of the facts and case law which the Petitioner has so presented in his writ, surely as under **Morgan, supra,** if Drobny prevailed on his ineffective assistance counsel claim and was entitled to relief even under the rigorous standards of coram nobis, **See United States v. Drobny, 955 F.2d 990, 996 (5th Cir. 1992),** then surely the Petitioner should also be granted the same.

The Petitioner asserts that the government is in error again for it's erroneous argument to dismiss the Petitioner's writ on grounds which are contrary to the ruling in **Maleng v. Cook, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989)** holding that a movant is not "in custody" where the sentence imposed for that conviction has expired. And because this said Circuit has held that the writ of error coram nobis "will issue only to correct errors resulting in a complete miscarriage of justice," **Jimenez 91 F.3d at 768, (5th Cir. 1996)** it also held that ineffective assistance of counsel

3.

if proven, can be grounds for coram nobis relief.

It is the government's contention that the Petitioner has waived his statutory rights to appeal via the plea agreement, and if so then this establishes the fact this writ of coram nobis should issue as other remedy is available (rendering all Petitioner's previous attempted filing moot), and especially when Petitioner now presents sound reasons for failure to seek appropriate earlier relief. **See United States v. Dyer, 136 F.3d at 422 (quoting Morgan, 346 U.S. at 512.).**

The Petitioner has in no way used this only available remedy to circumvent the judicial system's gate keeping A.E.D.P.A., but rather he demonstrates that the manifest miscarriage of justice which he has been apprised of, which is of the most fundamental character, **is argued in his Writ of Error Coram Nobis.**

## CONCLUSION

Wherefore all premises considered this Honorable Court should grant accordingly the Petitioner's Writ of Error Coram Nobis for the meritorious reasons presented and because this said Court does in fact have jurisdiction to entertain the same. **See United States v. Morgan, 346 U.S. 502, 512, 74 S.Ct. 247, 253, 98 L.Ed. 248 (1954), see also United States v. Castro, 26 F.3d 557, 559 (5th Cir. 1994).** The Petitioner directs this Honorable Courts reviewing once again to his initial writ of error coram nobis for review, and request that it does so **sua sponte;** being that the 1977 conviction was unconstitutional and must be vacated and the guilty plea set aside in light of justice.

Respectfully Submitted

Onofre Guerra, Jr. (Pro Se)
No. 02826-043 Unit G
P.O.BOX 7000
Texarkana, TX. 75505

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this foregoing motion and memorandum of law has been mailed postage propaid on this _14_ day of June 2004, to the United States Attorney's Office, James L. Turner, P.O.BOX 61129, Houston, TX. 77208.

                                                Respectfully Submitted

                                                */s/ Onofre Guerra, Jr.*

Onofre Guerra, Jr. (Pro-Se)
No. 02826-043  Unit G
P.O.BOX 7000
Texarkana, TX. 75505
F.C.I.

TO: Onofre Guerra, Jr.
From: Judith Lombardino, Ausa
Re: United States motion to modify order in connection with Defendant's Motion to compel Ausa Attorney to Provide Complete PSI and Signed Plea agreement
Date: October 7, 1999

Please find enclosed copy of United States motion to modify court order as identified above and a copy of your unsigned plea agreement. As stated therein the United States does not have a copy of your signed agreement. Thank you.

EXHIBIT A

| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED
9/30/99
MICHAEL N. MILBY, CLERK

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| versus | § | CRIMINAL H-91-59-2 |
| | § | |
| ONOFRE GUERRA, JR. | § | |

## Order

On Onofre Guerra's motion, the government must file his *signed* plea agreement and send Guerra a copy of it (1887).

Signed September 28, 1999, at Houston, Texas.

Lynn N. Hughes
United States District Judge

1888 LNH

EXHIBIT B