IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

| | |
|---|---|
| ONOFRE GUERRA, JR., § | |
| Petitioner, § | |
| § | |
| VS. § | |
| § | CIVIL ACTION NO. B-04-021 |
| UNITED STATES OF AMERICA, § | |
| Respondent. § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court is a Motion for Writ of Error Coram Nobis (Docket No. 11) filed by Petitioner, Onofre Guerra Jr. ("Guerra") and a Motion to Dismiss (Docket No. 5) filed by the United States of America ("Government"). For the reasons stated below, it is recommended that the Government's motion to dismiss be granted.

### I. Procedural Background

In 1977 Guerra was charged with misprision of a felony[1] in the United States District Court for the Southern District of Texas, Brownsville Division, and pled guilty (Hereinafter referred to as the "1977 conviction"). Guerra was sentenced to three years imprisonment, which was suspended upon the completion of five years of probation. Guerra states that although the court noted he qualified for sentencing as a "youth offender" as defined in the Youth Corrections Act, it chose not to sentence him as a youth offender.[2]

On February 12, 1993, in the United States District Court for the Southern District of Texas, Houston Division, in Criminal Case No. H-91-59, Guerra pled guilty to conspiracy with

---

[1] 18 U.S.C. § 4

[2] Petitioner's Motion for Writ of Error Coram Nobis, p.2, ¶5 (Docket No. 1).

intent to distribute marijuana in violation of 21 U.S.C. § 846 (Count 1) and money laundering in violation of 18 U.S.C. § 1956 (Count 90). (Docket No. 1163). (Hereinafter referred to as the "1995 conviction"). Guerra waived his right to an appeal and was sentenced. (Docket No. 1164). The sentence was enhanced as a result of the 1977 conviction as it took the character of the underlying offense and acted as a predicate for enhancement under 21 U.S.C. § 851.[3] The judgment of conviction and sentence was entered on January 27, 1995. (Docket No. 1660). Guerra was sentenced to two hundred and forty months on each count, to run concurrently, followed by ten years supervised release on Count 1 and three years supervised release on Count 90. (Docket No. 1657). Guerra did not appeal.

On May 8, 1996, Guerra filed his first § 2255 motion in the Houston Division, Civil Action No. H-96-1461 (Docket No. 1702). It was denied by United States District Judge Lynn N. Hughes on June 11, 1996 (Docket No. 1710). Guerra appealed to the Fifth Circuit (Docket No. 1713), but later moved to dismiss the appeal pursuant to FED. R. CIV. P. 42. The appeal was dismissed on July 16, 1996 (Docket No. 1717).

On April 9, 1997, Guerra filed his second § 2255 motion in the Houston Division, Civil Action No. H-97-1192 (Docket No. 1748). Judge Hughes once again denied relief (Docket No. 1757). The district court entered an "Opinion on Judgment" on June 13, 1997, (Docket No. 1758) and found that Guerra had fourteen years to collaterally attack his 1977 conviction for misprision of a felony and had plenty of opportunity to discuss his rights with his attorney before entering his plea. Judge Hughes noted that Guerra voluntarily and knowingly pled guilty and could not attempt to collaterally attack the current judgement via an attack on the 1977

---

[3]Government's Motion to Dismiss, p.4 (Docket No. 5).

conviction. Guerra appealed the denial of his § 2255 motion (Docket No. 1773) and the Fifth Circuit dismissed the appeal for failure to secure permission to file a second motion for relief under §2255 (Docket No. 1824).

On May 14, 1998, Guerra filed a third § 2255 motion in the Houston Division, Civil Action No. H-98-1567 (Docket No. 1842) which was denied on August 13, 1998 (Docket No. 1863). An "Opinion on Denial of Motion to Vacate" (Docket No. 1864) was entered on the same date. No appeal followed.

On May 8, 2001, Guerra filed a motion to reinstate his original § 2255 petition (Docket No. 1915) and argued that a final judicial determination had not been made on the issues, which were readily resolvable from the record and asked the court for a downward departure for post conviction rehabilitation. The motion was denied. (Docket No. 1955).

On January 26, 2002, Guerra filed a motion to modify sentence (Docket No. 1922). Guerra argued that the 1977 conviction for misprision of a felony could not be used as a predicate offense authorizing the imposition of an enhanced sentence for the 1995 conviction. On October 2, 2002, the district court entered an "Order Denying Reduction of Sentence" (Docket No. 1954). In his "Opinion on Reducing Sentence" (Docket No. 1955) entered on October 15, 2002, Judge Hughes denied the motion and concluded that, "Because Guerra waived his right to appeal, the court will not reduce his sentence. Because the misprision would take the character of the underlying offense, his argument is wrong." Guerra appealed the denial. The court of appeals dismissed the appeal and noted that the district court did not have jurisdiction under 18 U.S.C. § 3742 to hear the motion for reduction of sentence, as it is available to a defendant only upon direct appeal from a sentence or conviction. *United States v. Guerra*, 71

Fed. Appx. 394, 2003 WL 21976440 (5th Cir. Aug. 19, 2003). Certiorari was denied by the Supreme Court on January 30, 2004. *Guerra v. United States*, 124 S.Ct. 1166 (2004).

Guerra filed the instant motion for writ of error coram nobis with this court on December 29, 2003. Guerra argues that his Sixth Amendment right to counsel was violated as his defense counsel failed to advise him of the benefits of sentencing under the Youth Corrections Act, namely receipt of a certificate setting aside his 1977 conviction upon his early discharge from probation. Therefore, Guerra contends that the guilty plea, entered in the 1977 conviction, was not made voluntarily or intelligently and was unconstitutional. Guerra requests that the 1977 conviction be vacated.

## II. Analysis

### A. Coram Nobis Relief

#### 1. "In Custody" Determination

The writ of error coram nobis, a common law remedy used to correct errors of fact, was abolished by FED. R. CIV. P. 60(b) and superseded by relief as provided in that rule. *See United States v. Beggerly*, 524 U.S. 38, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998) (stating that writs of coram nobis and audita querela were abolished by Rule 60(b)). However, despite the express abolition in Rule 60, the extraordinary writ is still available with respect to criminal convictions. "In *United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954), [the court held] that under 28 U.S.C.A. § 1651-- the 'all writs' statute-- the writ may be utilized 'under circumstances compelling such action to achieve justice.' Thus questions concerning the basic fairness of a conviction may be raised both before and after a sentence has been served." *Johnson v. U.S.*, 344 F.2d 401, 410 (5th Cir. 1965).

The writ of error coram nobis is the appropriate instrument for petitioners who are "no longer in custody," but still seeking post conviction relief. *See Granville v. U. S.*, 613 F.2d 125 (5th Cir. 1980) (per curiam)(petitioner's motion to vacate pursuant to § 2255, attacking a bank robbery sentence which had been fully served, was re-characterized as an application for a writ in the nature of coram nobis); *Grene v. U.S.*, 448 F.2d 720 (5th Cir. 1971)(proper instrument, for petitioner seeking to set aside his 1963 federal conviction, although sentence had been completely served, was application for a writ of error coram nobis); *Counts v. U.S.*, 441 F.2d 1377 (5th Cir. 1971)(per curiam)(petitioner's motion pursuant to § 2255, seeking to vacate conviction for which sentenced was already served, will be construed as application for a writ in the nature of coram nobis).

It is important to note, that the custody determination for purposes of the writ, is limited to the conviction that the petitioner is attacking, as demonstrated in *Granville*. Granville, a federal prisoner, filed a § 2255 motion attacking a robbery conviction (which sentence had been fully served), while incarcerated under sentences relating to other felonies. The court re-characterized the pro se motion as a writ of error coram nobis, as Granville was no longer in custody pursuant to the bank robbery sentence he was attacking, although he was still physically "in custody" under another sentence.

In this case, Guerra entitles his motion, "Motion for Writ of Error Coram Nobis." Therein, Guerra attacks his 1977 conviction for misprision of a felony. As demonstrated in *Granville*, Guerra is no longer "in custody" pursuant to the sentence he is attacking, as he completed probation and was discharged. Although Guerra is currently incarcerated under a sentence imposed as a result of his 1995 conviction, he is not "in custody" pursuant to the 1977

conviction. Therefore a motion for a writ of error coram nobis is proper.

## 2. Requirements for Relief

The All Writs Act authorizes the Supreme Court and all courts established by Act of Congress to issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law. 28 U.S.C. §1651. This statute has served as a legislatively approved source of procedural instruments designed to achieve the rational ends of law. *Price v. Johnston*, 334 U.S. 266, 282, 68 S.Ct. 1049, 1058, 92 L.Ed. 1356 (1948). Courts rely upon the All Writs Statute infrequently, because writs are drastic remedies which a court should invoke only in extraordinary situations. *Henderson v. Office of Thrift Supervision, Dept. of Treasury*, 135 F.3d 356 (5th Cir. 1998). A writ of error coram nobis is an extraordinary remedy and its use should be allowed only under circumstances compelling such action to achieve justice. *Young v. United States*, 337 F.2d 753, 756 (5th Cir. 1964).

In *United States v. Morgan*, the Supreme Court emphasized that federal courts should review judgments through the "extraordinary remedy [of coram nobis ] only under circumstances compelling such action to achieve justice and to correct errors of the most fundamental character. *Morgan*, 346 U.S. at 511, 74 S.Ct. at 252-53. This standard requires the petitioner to show a compelling basis for coram nobis relief and articulate the fundamental errors that would warrant relief thereunder. The jurisdiction of this court, therefore, is of a limited scope, existing "where the errors [are] of the most fundamental character," and "render the proceeding itself irregular and invalid." *United States v. Addonizio*, 442 U.S. 178, 186, 99 S.Ct. 2235, 2240, 60 L.Ed.2d 805, 812 (1979) (quoting *United States v. Mayer*, 234 U.S. 55, 69, 35 S.Ct. 16, 19, 59 L.Ed. 129, 136 (1914)).

The principle that coram nobis is not a substitute for appeal limits the issues that may be raised to those "of the most fundamental character." *United States v. Morgan*, 346 U.S. 502, 511, 74 S.Ct. 247, 252 (1954). The Supreme Court stated that the petitioner must provide "sound reasons" for the petitioner's "failure to seek appropriate earlier relief." *Id*. The writ will issue only to correct errors resulting in a complete miscarriage of justice. *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004). The Fifth Circuit went on further to conclude that, "if [petitioner's] assertions amount to hardly more than regurgitation of the claims he has already presented in his § 2255 petition, that have been considered and dismissed, or claims he reasonably could have raised in that petition, it cannot be said that he has made the necessary showing of a complete miscarriage of justice." *Id*. at 535.

In this case, Guerra argues that he should have pled guilty under the Youth Corrections Act and the failure of his attorney to inform him of the benefits thereunder rendered his plea involuntary and he failed to receive effective assistance of counsel. The Federal Youth Corrections Act ("YCA"), 18 U.S.C.A. § 5010. Repealed. Pub.L. 98-473, Title II, § 218(a)(8), Oct. 12, 1984, 98 Stat. 2027, was an outgrowth of recommendations of the Judicial Conference of the United States designed to reduce criminality among youth. Section 5010(a) provided that if the court is of the opinion that the youth offender does not need commitment, imposition or execution of sentence might be suspended and the youth offender may be placed on probation.

One particularly valuable benefit for the offender sentenced under the YCA was the prospect of obtaining a certificate setting aside his conviction. A certificate would automatically issue when a youth committed to the custody of the Attorney General under § 5010(b) or § 5010(c) was unconditionally released prior to expiration of the maximum sentence imposed. 18

7

U.S.C. § 5021(a) (1976 ed.). In 1961, the YCA was amended to extend the benefit of a certificate to youths sentenced to probation under § 5010(a) when the court unconditionally discharged the youth prior to expiration of the sentence of probation imposed. 18 U.S.C. § 5021(b) (1976 ed.). Pub.L. No. 87-336, 75 Stat. 750.

Guerra claims that the sentencing judge found he qualified as a "youth offender," but chose not to sentence him under the YCA because he erroneously concluded that Guerra would not have derived any benefit therefrom.[4] Guerra argues that had he been advised concerning the future availability of a certificate setting aside his conviction, he would have pled guilty under the YCA and requested to be sentenced thereunder. Guerra contends that he was released prior to the expiration of his probation making him eligible for the certificate, had he been sentenced under the YCA, and his attorney's failure to advise him of such amounted to ineffective assistance of counsel.

Guerra is now challenging his 1977 conviction, but failed to do so while he was "in custody" pursuant to that sentence. There is no indication that Guerra was prevented from doing so at that time. At this juncture, twenty-seven years later, Guerra must satisfy the stringent standard required to be eligible for coram nobis relief. As touched upon in *Esogbue*, Guerra's assertions are merely a regurgitation of the claims presented in his prior three § 2255 motions and he has not made the necessary showing of a complete miscarriage of justice, nor sufficiently articulated fundamental errors or compelling circumstances to justify coram nobis relief.

---

[4]Petitioner's Motion for Writ of Error Coram Nobis, p.2 (Docket No. 1).

## B. Re-characterization of the Motion

Various circuit courts [5] have re-characterized pro-se petitioners' motions depending on whether they were "in custody." When sua-sponte re-characterizing a writ of error coram nobis as a motion to vacate, courts should proceed with caution, in light of the restrictions set forth by AEDPA. The Tenth Circuit noted that re-characterization is appropriate in very limited circumstances where (1) the petitioner, having been made aware of the risks associated with re-characterization, assents, or (2) the district court concludes that the petitioner's motion can only be considered under § 2255 and offers the movant the opportunity to withdraw the motion rather than have it so re-characterized. *U.S. v. Torres*, 282 F.3d 1241 (10th Cir. 2002).

As earlier noted, Guerra is attacking the validity of the 1977 conviction, for which he is no longer in custody, therefore a motion to vacate is not the proper instrument for seeking relief. Even if the court were to construe Guerra's request for relief as a § 2255 motion with respect to his 1995 conviction, within which he collaterally attacks his 1977 conviction, relief is still unavailable. With sole exception of convictions obtained in violation of right to counsel, a motion to vacate is not the appropriate vehicle for determining whether a conviction later used to enhance a federal sentence was unconstitutionally obtained. *Daniels v. United States*, 532 U.S. 374, 121 S.Ct. 1578 (2001).

---

[5] *Godoski v. U.S.*, 2002 WL 31103020 (7th Cir. 2002) (motion for post-conviction relief on the ground that it was imposed in violation of the Constitution was "motion to vacate," rather than petition for writ of coram nobis, so that one-year limitations period for filing motion to vacate applied, regardless characterization by defendant); *U.S. v. Kindle*, 88 F.3d 535, 536 (8th Cir. 1996) (inmate was not entitled to relief under writ of coram nobis as he was still under custody and court rejected inmate's invitation to alternatively construe petition as motion to vacate); *Raiford v. U.S.*, 483 F.2d 445, 446 (9th Cir. 1973) (writ of error coram nobis, filed by petitioner in custody, should have been construed as motion to vacate, as it raised the constitutional issue of effective representation by competent counsel); *U.S. v. Torres*, 282 F.3d 1241 (10th Cir. 2002) (under the All Writs Act, district court properly re-characterized defendant's petition for writ of error coram nobis, as a motion to vacate).

9

As previously noted, if Guerra were collaterally attacking his 1977 conviction through a § 2255 motion in connection with his 1995 conviction, the sole basis for this challenge is that his 1977 conviction was the product of an inadequate guilty plea and ineffective assistance of counsel. Therefore, as suggested by *Daniels*, Guerra could have (1) made a challenge during the 1995 sentencing proceeding or (2) collaterally attacked the 1977 conviction by filing a § 2255 motion as to his 1995 conviction. With regard to the former, there is no indication that Guerra did so or that he was prevented from doing so. With regard to the latter, Guerra has filed three such motions which have all been denied.

### III. Recommendation

Guerra filed a motion for writ of error coram nobis attacking the validity of his 1977 conviction, under which he is no longer in custody. Guerra has failed to establish a complete miscarriage of justice as required to justify coram nobis relief and his motion must therefore be denied.

**IT IS RECOMMENDED** that the Government's Motion to Dismiss (Docket No. 5) be **GRANTED** and Guerra's Motion for Writ of Error Coram Nobis (Docket No. 1) be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 23rd day June, 2004.

_____
John Wm. Black
United States Magistrate Judge