

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

```
United States District Court
Southern District of Texas
      FILED
   JUL 1 6 2004
 Michael N. Milby
  Clerk of Court
```

| | |
|---|---|
| ONOFRE GUERRA, JR.<br>Petitioner, | §<br>§<br>§ |
| vs. | §    CIVIL ACTION NO. B-04-021 |
| UNITED STATES OF AMERICA<br>Respondent. | §<br>§<br>§ |

PETITIONER'S OBJECTIONS TO THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

TO: THE HONORABLE JUDGE OF SAID COURT

ONOFRE GUERRA, JR., Petitioner Pro Se, ("Guerra"), within ten (10) days of receipt of the Report and Recommendation of U.S. Magistrate Judge John William Black, objects as follows:

1. Guerra is in prison. The Report and Recommendation was received by him at F.C.I. Texarkana on Monday, June 28, 2004 via regular mail delivery. On July 6, 2004 the original and one complimentary copy of the following objections were filed by mail by depositing same in the institution's mail depository for legal mail, first class postage prepaid, and addressed to the Office of the Clerk, United States District Court, Southern District of Texas, P.O. Box 61010, Houston, Texas 77208-1010. Accordingly, these objections are timely filed.

2. As an initial matter it is noted that the sole issue before the Magistrate upon submission was whether Guerra's motion for a writ of coram nobis should be dismissed for want of jurisdiction, and whether Guerra failed to state a claim upon which relief could be granted. These were the sole issues raised by the government in her response.

3. First, the Magistrate resolved the issue of whether coram nobis was the appropriate mechanism for raising the claim raised by Guerra. The government asserted: "...Guerra fails to advise the court that he remains in custody as a result of his conviction in Criminal No. H-91-59... Since Guerra

2

remains in custody, he does not have standing to secure a writ of coram nobis." [Gov't. Response at p. 4].

The Magistrate's Report and Recommendation resolved this claim against the government by holding, "Although Guerra is currently incarcerated under a sentence imposed as a result of his 1995 conviction, he is not "in custody" pursuant to a 1977 conviction. Therefore a motion for a writ of coram nobis is proper." [Report & Recommendation at pp. 5-6].

4. Second, the government placed into issue whether Guerra had demonstrated a miscarriage of justice in not granting coram nobis. The government's sole theory on this issue was that since Guerra had previously attacked his 1977 conviction collaterally to no avail, this constituted the sole rationale for Guerra's inability to show a complete miscarrige of justice. [Gov't. Response at p.4]. But, the government's argument is circular. The government claims that Guerra is not able to show a miscarriage of justice because he has twice before attempted to obtain habeas relief, but in making that the argument she states: "... If ... a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant so unsuccessfully), then that defendant is without recourse. The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through motion under § 2255 ... (Citations omitted)... Guerra's prior failure to secure collateral relief from the 1977 conviction precludes relief now." [Gov't Response at p.5]. If the government was correct in her ultimate assumption, ie., that the motion for a writ of coram nobis was, in fact, a veiled attempt to side-step the requirements of a second or successive habeas corpus petition the government may be correct. But, the Magistrate resolved this issue against the government. Guerra's motion was not an attempt to avoid the requirements for filing a secnod

3

or successive petition. Coram nobis was an appropriate remedy, as Guerra is no longer in <u>custody</u> on the case he seeks to set aside. Accordingly, solely upon the grounds raised by the government, there is an inadequate showing that Guerra has failed to show a miscarriage of justice.

5. Accordingly, Guerra's first objection to the Report and Recommendation is that the sole basis for which the government sought to have the motion for a writ of coram nobis dismissed was predicated upon coram nobis being an inappropriate remedy, and this basis is in error. Because coram nobis is an appropriate remedy, and because the government made no effort, whatsoever, to meet the merits of Guerra's claim for coram nobis relief, there was nothing more for the Magistrate to decide. Coram nobis should have been granted because the government failed to raise appropriate objection to the merits of the claim.

6. But further, Guerra's second objection to the Report and Recommendation is that the Magistrate failed to consider Guerra's claim vis a vi a miscarriage of justice. Guerra's claim was that he never would have entered his plea of guilty had he known that he would have benefitted from sentencing under the Youth Offender Act. That was the claim, and there is nothing in the record that would dispute the claim. The government had a chance to respond, but in responding the government never put before this Court a scnintilla of evidence or argument disclaiming Guerra's grounds. The Magistrate did not find contrary evidence.

But most important, Guerra cited the Court to US v SCOTT, 625 F2D 623, 625 (CA5 1980) which held a conviction on a guilty plea that is entered solely as a result of faulty advice is a miscarriage of justice.

7. And how, in good conscience, can this Court conclude that a miscarriage of justice did not occur. We are talking about Guerra being sentenced as a youth offender, as opposed to an adult, a sentence that would have been set aside because Guerra's probation was early terminated, because Guerra got into no more trouble in his youth. Accordingly, that conviction would not have been used against him

4

in his 1995 sentencing. That means Guerra would not have been faced with a statutory minimum sentence in 1995 of twenty years in prison, and ten years supervised release. How can we say now that Guerra would not have benefitted from being sentenced as a youth offender? A single extra day in prison has significance, US v GLOVER, 531 US 198 (2001), and Guerra was faced with 7,300 extra days in prison, simply because the 1977 conviction could be used to enhance his sentence. How can it now be said that he would not have benefitted as a youth offender being sentenced instead of how he was sentenced?

8. Finally, Guerra objects to the Magistrate's use of "miscarriage of justice" without properly applying the definition of the term. A miscarriage of justice is a decision inconsistent with substantial justice, or that the result of a case in which essential rights of a party were disregarded or denied. KOTTEAKOS v US, 328 US 750 (1946). The substantial justice rule is that a judgment shall not be reversed if it appears that there has been no error in reference to substantive principles, that substantial justice has been done, and that any error was merely <u>technical</u>. BALLANTINES 3RD ED. 1969. Guerra's claims were with reference to <u>the denial of counsel</u>. These are substantive principles, as opposed to technical error.

Traditionally, the miscarriage of justice standard has been premised upon actual innocence. CALDERON v THOMPKINS, 523 US 538 (1998). However, this is not the sole premise. The law certainly recognizes unjust punishments as another cornerstone of determining the existence of a miscarriage of justice. McCLESKY v ZANT, 499 US 467, 487-96 (1991). A single extra day in prison has significance. ID., GLOVER. Certainly unjust punishment has always been considered a part of the criteria applicable to determining a miscarriage of justice.

In deciding that Guerra had failed to show a miscarriage of justice the Magistrate neither applied the legal definition of the term, nor found the facts insufficient to support such conclusion. The Magistrate failed to apply the

5

stare decisis of this Circuit to the particular factual basis raised by the circumstances of Guerra's case. As such, Guerra objects to the Magistrate's Report and Recommendation.

WHEREFORE, Guerra objects to the Report and Recommendation of Honorable John William Black, United States Magistrate Judge, filed June 23, 2004. Guerra prays this Court grants a writ of coram nobis, to the end that Guerra's 1977 conviction for misprison of a felony is vacated, and Guerra is remanded for a new sentencing in his 1995 conviction.

In the event that this Court denied relief Guerra prays that the Court enters written FINDINGS OF FACT and CONCLUSIONS OF LAW in support of such Order.

Guerra prays for any and all such other relief to which he shows himself entitled. Guerra prays for general relief.

Respectfully submitted,

Onofre Guerra, Jr.
Petitioner Pro Se
F.C.I. Texarkana
P.O. Box 7000
Texarkana, Texas 75505-7000

CERTIFICATE OF SERVICE

A true and correct copy of the foregoing documents was duly served upon the government by depositing same in the institution's mail depository for legal mail, firstclass postage prepaid, and addressed to the Office of the U.S. Attorney P.O. Box 61129, Houston, Texas 77208-1129 on July 6, 2004.

Onofre Guerra, Jr.