United States District Court
Southern District of Texas
ENTERED

MAR 2 3 2005

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ONOFRE GUERRA, JR., | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION No. B-04-21 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## ORDER DENYING CERTIFICATE OF APPEALABILITY

### I.
### INTRODUCTION

Pending before the Court is Petitioner, Onofre Guerra Jr.'s (hereinafter "Guerra") Application for a Certificate of Appealability (hereinafter "COA") filed on February 28, 2005.[1] Upon consideration of the motion, and the applicable law, the Court is of the opinion that Guerra's COA should be **DENIED**.

### II.
### BACKGROUND

In 1977, Guerra was charged with misprison of a felony[2] in the United States District Court for the Southern District of Texas, Brownsville Division. He pleaded guilty and was sentenced to three years imprisonment, which was suspended upon completion of five years of probation.

On February 12, 1993, Guerra pleaded guilty to conspiracy with intent to distribute marijuana in violation of 21 U.S.C § 846 (Count 1) and money laundering in violation of 18 U.S.C § 1956 (Count 90) in the United States District Court for the Southern District, Houston Division. Guerra waived his right to appeal and was sentenced to two hundred and forty months on each count, to run concurrently,

---

[1] Docket No. 22

[2] 18 U.S.C. § 4

right to appeal and was sentenced to two hundred and forty months on each count, to run concurrently, followed by ten years supervised release on Count 1 and three years supervised release on Count 90. Guerra did not file an appeal.

Guerra filed a *pro se* Motion under 28 U.S.C § 2255 which was denied by the United States District Judge Lynn N. Hughes on June 11, 1996.[3] An appeal was pursued but dismissed on July 16, 1996.[4]

A second § 2255 Motion was filed which was again denied by the Judge Hughes.[5] Dismissal was on the ground that Guerra had fourteen years to collaterally attack his 1977 conviction to which he entered a knowing and voluntary guilty plea. An appeal was filed which was dismissed by the Fifth Circuit for failure to secure permission.[6]

A third § 2255 Motion was filed on May 14, 1998 which was subsequently denied on August 13, 1998.[7] Guerra did not file an appeal.

Guerra filed a Motion to reinstate his original § 2255 Motion on May 8, 2001, which was thereafter denied.[8] Guerra filed a Motion to Modify Sentence on January 26, 2002, which was denied by Judge Hughes on Ocotber 15, 2002 on the ground that he waived his right to appeal. Guerra subsequently appealed Judge Hughes dismissal of his Motion to Modify Sentence. The Fifth Circuit

---

[3] *Guerra v. USA*, H-96-1461; Docket No. 1702.

[4] Docket No. 1717.

[5] *Guerra v. USA*, H-97-1192; Docket No. 1757.

[6] Docket No. 1824.

[7] Docket No. 1863.

[8] Docket No. 1955.

dismissed the appeal.[9] Certiorari was denied by the Supreme Court on January 30, 2004.[10]

On December 29, 2003, Guerra filed a Motion for Writ of Error Coram Nobis in the United States District Court for the Southern District of Texas, Brownsville Division.[11] Following the Magistrate Judge's recommendation, the United States District Judge Hilda G. Tagle dismissed the Motion on the grounds that Guerra failed to establish a complete miscarriage of justice as required to justify coram nobis relief.[12]

On February 28, 2005, Guerra filed an Application for a COA in response to the District Court's dismissal of the Writ of Coram Nobis which is pending before the Court.

### III.
### DISCUSSION

A court may issue a COA only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C §2253(c)(2); *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S.Ct. 3383 (1983); *Dowthitt v. Johnson*, 230 F.3d 733, 740 (5th Cir. 2000). A "substantial showing" requires the applicant to demonstrate that the issues are debatable among jurists of reason. *Davis v. Johnson*, 158 F.3d 806, 809 (5th Cir. 1998). Guerra has failed to show that jurists of reason could disagree. *Miller-El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 1034 (2003), *citing Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595 (2000).

Guerra seeks a COA in response to the dismissal of his Motion for Writ of Error Coram Nobis. The district court, which adopted the Magistrate Judge's recommendation, dismissed Guerra's request for Coram Nobis Relief, concluding that "...[G]uerra could have (1) made a challenge during the 1995

---

[9] *USA v. Guerra*, 71Fed. Appx. 394, 2003 WL 21976440 (5th Cir. 2003).

[10] *Guerra v. USA*, 124 S.Ct. 1166 (2004).

[11] *Guerra v. USA*, B-04-21; Docket No. 1.

[12] Docket No. 9

sentencing proceeding or (2) collaterally attacked the 1977 conviction by filing a § 2255 motion as to his 1995 conviction...[t]here is no indication that Guerra did so or that he was prevented from doing so." The district court took notice of Guerra filing three § 2255 motions which were all denied. The district court further concluded that "[G]uerra has failed to establish a complete miscarriage of justice as required to justify coram nobis relief."

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595 (2000). When the district court denies a petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In his application, Guerra asserts several procedural and substantive points of error which he contends manifests valid claims of the denial of his constitutional rights. None of the issues raised by Guerra demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. There is no showing that Guerra was denied any of his constitutional rights.

Accordingly, Guerra's Application for Certificate of Appealability is hereby **DENIED**.

DONE at Brownsville, Texas, this 23rd day of March, 2005.

_____
Hilda G. Tagle
United States District Judge