United States Court of Appeals
Fifth Circuit
**F I L E D**
June 29, 2006
Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-41257
Summary Calendar

---

UNITED STATES OF AMERICA

    Plaintiff - Appellee,

v.

ONOFRE GUERRA, JR.

    Defendant - Appellant

United States District Court
Southern District of Texas
FILED
AUG 2 4 2006
Michael N. Milby
Clerk of Court

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CV-21
USDC No. 1:77-CR-177

---

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:*

    Onofre Guerra, Jr., federal prisoner # 02826-043, pleaded guilty to misprision of a felony in violation of 18 U.S.C. § 4, and in September 1977 he received a three-year suspended sentence with probation for five years. He was discharged from probation in August 1981. Guerra seeks to challenge the legality of his 1977 conviction and sentence by way of the writ of coram nobis, pursuant to the All Writs Act, 28 U.S.C. 1651(a), because that conviction was used to enhance his current 20-year sentence imposed in 1995 for conspiracy to possess with intent to

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

distribute marajuana and money laundering.  Guerra seeks a certificate of appealability (COA) to appeal the district court's dismissal of his petition.

Guerra contends that the district court erred by denying him coram nobis relief without addressing his constitutional claims.  He asserts that his guilty plea to misprision was involuntary because he was not advised of the benefits he could have received under the Youth Corrections Act, former 18 U.S.C. § 5010.  Guerra argues that his misprision conviction constituted a miscarriage of justice because it caused him to receive an enhanced penalty for the 1995 sentence that he is presently serving.

Because Guerra is no longer in custody for his 1977 conviction, he cannot challenge it by way of a 28 U.S.C. § 2255 motion.  See Pack v. Yusuff, 218 F.3d 448, 454 n.5 (5th Cir. 2000).  Also, as a general rule, Guerra cannot challenge his current sentence through a § 2255 motion on the grounds that his prior conviction was unconstitutionally obtained.  See Daniels v. United States, 532 U.S. 374, 382 (2001) (denying right to challenge conviction under Armed Career Criminal Act through a § 2255 motion on grounds that prior convictions were unconstitutionally obtained).  Daniels did not foreclose any other channels of collateral review still available to challenge prior convictions, such as the option of filing a federal coram nobis petition.  532 U.S. at 382.

A COA is required for an appeal from a final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court or a final order in

No.
-3-

a proceeding under § 2255. 28 U.S.C. § 2253(c). Because an appeal from an order denying coram nobis relief does not fall within either of these categories, Guerra's request for a COA is DENIED AS UNNECESSARY. See United States v. Dyer, 136 F.3d 417, 429 n.32 (5th Cir. 1998) (distinguishing coram nobis remedy from habeas corpus).

The writ of coram nobis will issue only when no other remedy is available and when sound reason exists for the petitioner's failure to seek appropriate earlier relief. Dyer, 136 F.3d at 422. Guerra pleaded guilty of misprision, for which he was sentenced in 1977. He did not file a direct appeal in either that case or relative to the judgment of conviction and sentence he received in 1995. Guerra does not explain his failure to challenge his 1977 conviction when such relief may have been available. Because no sound reason appears for his failure to seek appropriate earlier relief, Guerra is not entitled to coram nobis relief. The judgment of the district court is AFFIRMED.